## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

**Ezeigwe Ogochukwu Juliet,**

Plaintiff,

vs.

**United States Citizenship and Immigration Services (USCIS),**
**Pamela Bondi, Attorney General of the United States,**
**Joseph B. Edlow, Director of USCIS,**
**Kristi Noem, Secretary of the Department of Homeland Security,**
**Nicholas J. Ganjei, United States Attorney for the Southern District of Texas,**
Defendants.

### Case No:

## PETITION FOR WRIT OF MANDAMUS

### Introduction

Plaintiff, Ezeigwe Ogochukwu Juliet ("Plaintiff"), respectfully petitions this Honorable Court for a Writ of Mandamus to compel the United States Citizenship and Immigration Services (USCIS) to adjudicate her pending Form I-485, Application to Register Permanent Residence or Adjust Status (**EXHIBIT 1**: Receipt Number: IOE0929004750). Plaintiff's application has been subjected to an unreasonable and unjustifiable delay, depriving her of rights and protections afforded under federal law. This prolonged inaction has caused irreparable financial loss, including the inability to accept a critical employment offer and severe limitations in pursuing professional opportunities contingent on permanent residency.

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1361, which confers original jurisdiction upon District Courts in actions to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

2. This Court also has jurisdiction under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically the Immigration and Nationality Act (INA) and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq.

3. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are officers or employees of the United States acting in their official capacities.

Parties

4. Plaintiff currently resides at 2686 Murworth Drive, Apt. 306, Houston, Texas 77054, and seeks adjustment of status based on the approval of her Form I-140, Immigrant Petition for Alien Worker of Extraordinary Ability. (**EXHIBIT 2:** Receipt Number: IOE0928483951 and Approval notice). Plaintiff originally entered the United States on an F-1 student visa and is presently enrolled at the University of Texas Health Science Center at Houston, School of Public Health. She resides in Houston, Texas, where substantial events related to her immigration application have occurred, including biometrics. According to USCIS, however, her pending Form I-485 application is being processed at the USCIS Seattle Field Office, which is different from the Houston Field Office, for case jurisdiction.

5. Defendant, **United States Citizenship and Immigration Services (USCIS),** is an agency of the United States government responsible for implementing and enforcing immigration laws. USCIS's headquarters is located at 5900 Capital Gateway Drive, Camp Springs, MD 20588.

6. Defendant **Pamela Bondi** is the Attorney General of the United States, with an official address in the U.S. Department of Justice, 950 Pennsylvania Ave NW, Washington, DC 20530-0001. He is responsible for overseeing the lawful execution of federal laws. He is sued in his official capacity.

7. Defendant **Joseph B. Edlow** is the Director of USCIS, tasked with supervising the agency's administration of immigration applications and petitions. She is sued in her official capacity. Her official address is USCIS Office of the Chief Counsel, 5900 Capital Gateway Drive, Mail Stop 2120, Camp Springs, MD 20588-0009.

8. Defendant, **Kristi Noem,** is the Secretary of the Department of Homeland Security (DHS), the parent agency of USCIS. He is sued in his official capacity. His official address is U.S. Department of Homeland Security, c/o Office of the General Counsel, 2707 Martin Luther King Jr. Ave SE, Mail Stop 0485, Washington, DC 20528-0485.

9. Defendant **Nicholas J. Ganjei** is the United States Attorney for the Southern District of Texas and represents the federal government's interests within this jurisdiction. He is sued in his official capacity. His official address is United States Attorney's Office - Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, TX 77702

Factual Background

10. Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt Number: IOE0929004750), on December 9, 2024, following her lawful entry into the United States on an F-1 visa and her continued maintenance of lawful F-1 status (**EXHIBIT 3:** Immigration Documents). As of the date of this filing, approximately ten months have elapsed since the submission of her I-485 application, and it remains unadjudicated.

11. Plaintiff filed and got approved for Form I-140, Immigrant Petition for Alien Worker, on November 18, 2024. Following the approval of her I-140 petition, Plaintiff filed her application to Adjust Status for Permanent Residency (Form I-485), and her biometric examination was conducted on January 8, 2025 (**Exhibit 4:** Biometric Appointment Notice). Subsequently, on September 9, 2025, Plaintiff filed an Application for Employment Authorization (**EXHIBIT 5:** Form I-765, Receipt Number: IOE0933750365). Neither application has been adjudicated, and it has been approximately eleven months since Plaintiff initiated the immigration process.

12. Despite completing all prerequisites for adjudication, Plaintiff's application remains pending, with no decision rendered as of the date of this filing, constituting an unreasonable delay under the APA and relevant immigration laws.

13. The Plaintiff is lawfully present in the United States under F-1 nonimmigrant student status and is currently pursuing a Doctor of Philosophy (Ph.D.) degree at the University of Texas

Health Science Center at Houston. The Plaintiff is the beneficiary of an approved Form I-140, Immigrant Petition for Alien Worker, based on a proposed endeavor in the field of Public Health. Pursuant to the terms of the approved petition, the Plaintiff is restricted from engaging in employment that is not directly related to the proposed endeavor described therein. Even if her Employment Authorization Document (EAD) were to be approved, most positions within her field require elevated security clearance due to the handling of Protected Health Information (PHI). Consequently, potential employers generally require candidates to be U.S. persons, defined as lawful permanent residents or U.S. citizens, and do not accept an EAD as sufficient work authorization. The Plaintiff was previously supported financially by her brother during her academic program; however, he has recently been laid off from his employment, thereby reducing her income to solely what she earns from her current position. As an F-1 student, the Plaintiff is limited to working no more than twenty (20) hours per week and earns a monthly income of approximately $1,850. She bears substantial financial obligations, including tuition, rent, medical expenses, and loan repayments, and is consequently experiencing severe financial hardship. The accumulating interest on loans and outstanding bills consumes nearly her entire monthly income, frequently resulting in a negative account balance and, in some instances, compelling her to borrow funds to meet basic living expenses.

14. The Plaintiff submitted a request to expedite the adjudication of her Adjustment of Status (AOS) application; however, the request was not submitted and honored. The Plaintiff will include additional documentation in the exhibits to demonstrate the extent of her financial hardship and resulting losses.

15. The prolonged delay has caused the Plaintiff significant distress, severe financial loss, and professional instability. As a result, she has lost a full-time employment opportunity within the university and has been unable to proceed with potential job interviews. Many employers in the field of public health require a level of security clearance for positions aligned with her proposed endeavor, and prospective employers have declined to advance her candidacy due to her pending immigration status.

16. Plaintiff has diligently sought updates regarding the status of her case by contacting USCIS multiple times, including:

- **Numerous calls and chat inquiries to USCIS customer service without resolution.**

    o *February 10, 2025*: Plaintiff contacted USCIS Customer Service to inquire about an action notification that had been received but not reflected in the USCIS online system. Plaintiff was informed that the case file had been transferred to the Seattle Field Office. **(Exhibit 6A)**

    o *May 19, 2025:* An additional inquiry regarding the case was made, during which Plaintiff was informed that the application was under review by an immigration officer and that a further inquiry could be made after 120 days if no decision was issued. More than 120 days have now elapsed since that inquiry, and no decision has been rendered. **(Exhibit 6B)**

    o *June 03, 2025:* The Plaintiff submitted a case inquiry letter to USCIS through her online account via the Applicant Correspondence feature. **(Exhibit 6C)**

    o *July 29, 2025*: An additional inquiry was made with no resolution. **(Exhibit 6D)**

    o *September 03, 2025*: Follow-up inquiry through the same channel, and no resolution. **(Exhibit 6E)**

- **Expedite Request Based on Financial Loss**

    o *August 08, 2025*: The Plaintiff submitted an expedited request through the USCIS online system based on financial loss; however, USCIS did not honor the request. The Plaintiff intends to supplement this request with substantial supporting evidence. **(Exhibit 7A, Exhibit 7B)**

- **Requests to Speak with Tier 2 USCIS Officers**

5

- *June 03, 2025:* Plaintiff submitted a request to speak with a Tier 2 USCIS officer. No call or follow-up was received, and more than 60 days have passed since the request was made. **(Exhibit 8A)**

- *September 04, 2025:* Plaintiff submitted a second request to speak with a Tier 2 USCIS officer, and no resolution was reached. The response stated that the Plaintiff is not current, and a visa is not currently available. At the time of filing, the EB1A category was current and remains current under the September Visa Bulletin and with a new fiscal year. **(Exhibit 8B)**

14. **Plaintiff sought assistance from external resources, including:**

- **Congressional outreach**

    - *August 08, 2025:* Contacted Congressman Al Green's office to request an expedited review of the case; however, no resolution has been achieved. **(Exhibit 9A)**

- **Senatorial Assistant**

    - *September 01, 2025:* Contacted the office of Senator Ted Cruz, seeking assistance or intervention in my case; to date, no resolution. **(Exhibit 9B)**

    - *September 24, 2025:* Contacted the office of Senator John Cornyn, seeking assistance or intervention in my case; to date, no resolution. **(Exhibit 9C)**

    - *October 06, 2025:* Contacted the USCIS ombudsman (Case Assistance number: 20250177686). **(Exhibit 9D)**

15. The prolonged delay has caused the Plaintiff substantial emotional distress, hardship, and uncertainty, resulting in significant disruption to both her personal and professional life. Her Employment Authorization Document (EAD) application remains pending adjudication, leaving the Plaintiff unable to work or pursue professional opportunities, and in turn financial loss.

In addition to the evidence submitted with her initial expedited request, the Plaintiff now submits consolidated evidence demonstrating severe financial and professional hardship, emphasizing the urgency of adjudication and the cumulative impact of the pending delay on her personal and professional life:

- **Loss of Employment Opportunities:**

    i. Specifically, the Plaintiff was denied employment opportunities due to her residency status. The offer was not honored because of her legal status. **(Exhibit 10A )**. This position was particularly significant to the Plaintiff's professional development and career trajectory as a Ph.D. candidate, making the denial an additional source of hardship.

    ii. The Plaintiff also submits evidence that a recruiter contacted her regarding a potential employment opportunity. This demonstrates that the pending adjudication of her applications is directly hindering her ability to pursue professional opportunities, resulting in lost income and contributing to her ongoing financial hardship. **(Exhibit 10B)**

- **Educational and Medical Obligations:**

    i. The Plaintiff provides documentation demonstrating that tuition and other mandatory school fees for the academic term are due in the coming months. These outstanding financial obligations constitute an additional hardship as the plaintiff is unable to pay these fees. This evidence underscores the immediate financial impact and urgency of adjudicating her pending applications (**Exhibit 10C:** Evidence of payment due and email reminder of the fee payment).

    ii. The Plaintiff also has outstanding hospital bills that are due, further contributing to her financial hardship. These obligations highlight the immediate need for the resolution of her pending applications (**Exhibit 10D)**

7

**Legal Argument**

16. The delay also violates USCIS's statutory obligation under 8 U.S.C. § 1571(b), which establishes a congressional mandate to process immigration benefits within a reasonable time for priority workers.

17. Delays of this magnitude have been held unreasonable in cases such as *Saleh v. Ridge, 367 F. Supp. 2d 508 (S.D.N.Y. 2005)*, where the court granted mandamus relief due to USCIS's failure to act within a reasonable timeframe.

19. Plaintiff has a clear and indisputable right to the relief requested. Under 5 U.S.C. § 706(1), the APA authorizes courts to compel agency action unlawfully withheld or unreasonably delayed. USCIS's failure to adjudicate Plaintiff's application violates its statutory obligations and denies Plaintiff the timely resolution to which she is entitled.

20. Unlike cases involving routine delays, the harm in this matter is acute and measurable. Plaintiff has received a recommendation that would have placed her on a full-time salary in school, contingent upon possession of lawful permanent resident status. Because of USCIS's failure to act, Plaintiff is unable to proceed with the job offer, resulting in a direct and ongoing financial loss and the forfeiture of a career opportunity aligned with his professional qualifications.

21. Courts have recognized that delays resulting in severe economic harm, or the loss of time-sensitive opportunities, may constitute an unreasonable delay under the APA. See, e.g., Asmai v. Johnson, No. 15-cv-03580, 2016 WL 6818854, at *4 (N.D. Cal. Nov. 17, 2016) (finding that career and financial setbacks resulting from agency inaction supported an APA claim).

22. The Defendants owe Plaintiff a nondiscretionary duty to process and adjudicate her application within a reasonable time, as mandated by the INA, APA, and relevant regulations. Their failure to do so not only violates statutory obligations but has directly jeopardized Plaintiff's financial stability and professional advancement.

23. Plaintiff has exhausted all available administrative remedies, including repeated inquiries to USCIS and seeking assistance from elected representatives. Despite these efforts, Defendants have failed to act.

24. The Court's intervention is necessary to redress this inaction and ensure compliance with statutory and regulatory duties. Further delay risks irreparable harm to Plaintiff, including loss of employment authorization and financial hardship.

## Relief Sought

25. Plaintiff respectfully requests that this Honorable Court:

- Issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's I-485 Application to Register Permanent Residence or Adjust Status (Receipt Number: Receipt Number: IOE0929004750) without further delay

- Grant such other and further relief as the Court deems just and proper.

## Conclusion

Plaintiff respectfully requests that this Court grant the relief sought and compel Defendants to promptly adjudicate her application, ensuring full compliance with statutory obligations. The prolonged delay has caused substantial hardship, and immediate resolution is essential to prevent further emotional, professional, and financial detriment.

*[signature]*

Ezeigwe, Ogochukwu Juliet
2686 Murworth Drive, Apt 306
Houston, Texas 77054
Ogojuliet25@gmail.com
(404) 200 5302
October 06, 2024